# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:13-CV-391-GCM-DCK

| | |
|---|---|
| NORMAN PATRICK CALDWELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) MEMORANDUM AND ORDER ) AND RECOMMENDATION |
| SHAW INDUSTRIES GROUP, INC., THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, and SHAW INDUSTRIES LONG TERM DISABILITY COVERAGE PLAN, | ) ) ) ) ) ) |
| Defendant. | ) ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendants Shaw Industries Group, Inc. And Shaw Industries Long Term Disability Coverage Plan's Motion To Dismiss Or, In The Alternative, Motion To Strike" (Document No. 11). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be <u>denied</u>.

## I. BACKGROUND

Plaintiff Norman Patrick Caldwell ("Plaintiff" or "Caldwell") initiated this action with the filing of a "Complaint" in the Superior Court of Mecklenburg County, North Carolina, on or about May 21, 2013. (Document No. 1-1). The Complaint asserts claims against Shaw Industries Group, Inc. ("Shaw"), The Prudential Insurance Company Of America ("Prudential"), and Shaw Industries Long Term Disability Coverage Plan (the "Plan") (collectively, "Defendants") for alleged violation of the Employee Retirement Income Security Act

("ERISA"), 29 U.S.C. 1001 *et seq*. Id. Defendant Prudential filed its "Notice Of Removal" (Document No. 1) to this Court on June 27, 2013.

"Defendants Shaw Industries Group, Inc. And Shaw Industries Long Term Disability Coverage Plan's Motion To Dismiss Or, In The Alternative, Motion To Strike" (Document No. 11) was filed on July 3, 2013. "Plaintiff's Response In Opposition…" (Document No. 17) was filed on July 22, 2013; and Defendants' "…Reply In Support Of Their Motion…" (Document No. 18) was filed on July 29, 2013. As such, a recommendation on the pending motion to the presiding district judge is now appropriate.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1960 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is

> entitled to relief." Specific facts are not necessary; the statement
> need only "'give the defendant fair notice of what the ... claim is
> and the grounds upon which it rests.'" In addition, when ruling on
> a defendant's motion to dismiss, a judge must accept as true all of
> the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (citing Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

By the pending motion, Defendants Shaw and the Plan assert that "Plaintiff's complaint does not allege that these Defendants has any input in, much less control over, Prudential's decisions to discontinue the Plaintiff's long term disability benefits or reject his appeals regarding the same." (Document No. 11, p.1). The Plan and Shaw thus conclude that Plaintiff's complaint against them should be dismissed pursuant to Rule 12(b)(6). Id. In the alternative, the moving Defendants argue that Plaintiff's jury trial demand is improper, and certain damages sought by the Complaint are vague and/or improper, and should thus be stricken pursuant to Rule 12(f). (Document No. 11, pp.1-2).

"Plaintiff's Response…" contends that the question of whether Shaw and the Plan are proper parties to this action requires a "fact specific inquiry frequently ill suited for a motion to dismiss." (Document No. 17, p.7) (quoting Martin v. PNC Fin. Serv. Group, Inc., 5:11-CV-138-RLV, 2012 WL 180259 (W.D.N.C. May 17, 2012)). In addition, Plaintiff acknowledges that this matter was filed in state court and followed the pattern for state court complaints. (Document

No. 17, p.8). Plaintiff concedes that the jury demand was erroneous, and states that Plaintiff is only seeking damages available under ERISA. Id. "Plaintiff's Response..." includes a request for leave to amend, if the Court finds any reason the Complaint is factually or legally insufficient. Id.

After careful review of the parties' briefs, the undersigned is persuaded that an Amended Complaint is appropriate here. At minimum, it appears such amendment would delete certain parts of the Complaint the parties agree should be stricken. Moreover, Plaintiff may be able to add and/or clarify other parts of the Complaint in a way that will effectively address and/or narrow other issues identified by Defendants. The undersigned finds that efficient case management and judicial economy will be well-served by an Amended Complaint.

Because the undersigned will order Plaintiff to file an Amended Complaint which will supersede the original Complaint, the undersigned will respectfully recommend that "Defendants Shaw Industries Group, Inc. And Shaw Industries Long Term Disability Coverage Plan's Motion To Dismiss Or, In The Alternative, Motion To Strike" (Document No. 11) be denied. This recommendation is without prejudice to Defendant filing a renewed motion to dismiss the Amended Complaint, if appropriate.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Turner v. Kight, 192

F.Supp. 2d 391, 397 (D.Md. 2002) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended ... supersedes the pleading it modifies .... Once an amended pleading is interposed, the original pleading no longer performs any function in the case."); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff shall file an Amended Complaint on or before **October 28, 2013**.

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendants Shaw Industries Group, Inc. And Shaw Industries Long Term Disability Coverage Plan's Motion To Dismiss Or, In The Alternative, Motion To Strike" (Document No. 11) be **DENIED WITHOUT PREJUDICE**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003);

5

Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO ORDERED AND RECOMMENDED**.

Signed: October 15, 2013

David C. Keesler
United States Magistrate Judge